<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 03-1053**

———

SAMRAWIT WOLDE,

Petitioner,

versus

JOHN ASHCROFT, Attorney General of United
States,

Respondent.

———

On Petition for Review of an Order of the Board of Immigration
Appeals. (A75-381-232)

———

Submitted: August 22, 2003        Decided: September 2, 2003

———

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———

Petition denied by unpublished per curiam opinion.

———

Aragaw Mehari, Washington, D.C., for Petitioner.  Robert D.
McCallum, Jr., Assistant Attorney General, Richard M. Evans,
Assistant Director, Paul Fiorino, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

———

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Samrawit Wolde, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order denying her applications for asylum and withholding of removal.

The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We conclude that the record supports the immigration judge's conclusion that Wolde failed to establish her eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2003); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Wolde seeks.

Additionally, we uphold the immigration judge's denial of Wolde's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). Because Wolde fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED